## Mancus v. Maryland Casualty Co.

*Harry P. O'Neill,* for plaintiff.

*Lucille Marsh,* for defendant Maryland Casualty Co.

*Joseph A. Murphy,* for defendant General Accident Insurance Co.

COTTONE, *J.,* January 13, 1989—This matter comes by way of a motion for summary judgment by defendant, General Accident Insurance Company. Originally, this case began as an action for declaratory relief, filed on April 24, 1987, by plaintiff, Lisa Mancus, against defendants, Maryland Casualty and General Accident Insurance Companies. We are asked to determine, as a matter of law, whether plaintiff can maintain an underinsured motorist claim against defendant, General Accident Insurance Company.

By way of background, plaintiff was a passenger in a motor vehicle that was involved in a single-car accident on October 28, 1984. The vehicle was operated by Holly Metro and was covered by an insurance policy issued by General Accident. That policy provided liability coverage in the amount of

$35,000 and underinsured motorist coverage in the amount of $30,000. It is relevant to note that, at the time the General Accident policy was issued on May 19, 1984, the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"), mandating underinsured motorist coverage to be paid to covered persons under certain criteria, was not in effect. 75 Pa. C.S. §1701 et seq. Under the General Accident Policy, underinsured motorist coverage was purchased as a separate option and a separate premium was paid for this coverage. The effective date of the MVFRL was October 1, 1984, *prior* to the time of the accident in this case.

At the time of the accident, plaintiff was the named insured on her own automobile policy issued by Maryland Casualty. That policy provided underinsured motorist coverage pursuant to the MVFRL in the amount of $100,000.

General Accident has paid plaintiff the full liability coverage of $35,000. General Accident maintains that, according to *Wolgemuth v. Harleysville Mut. Ins. Co.,* 370 Pa. Super. 51, 535 A.2d 1145 (1988), it is not responsible to plaintiff for underinsured motorist coverage as well. However, since *Wolgemuth, supra,* was decided under the MVFRL and the General Accident policy was issued prior to the effective date of the MVFRL, resolution of this issue must be made according to the language contained in the policy.

Accordingly, the issue here is whether Lisa Mancus, the passenger injured in a single-vehicle accident and who has been paid the full liability limits under the policy covering the host vehicle, is further entitled by the terms of the same policy to receive underinsured motorist benefits.

There is no question that, under certain language contained in Part C (Uninsured/Underinsured Mo-

torist Coverage) of the General Accident policy, the vehicle insured under the policy cannot be an *underinsured motor vehicle* invoking liability, as well as underinsured motorist coverage. The definitions portion of that section states in pertinent part:

"In addition, neither *'uninsured motor vehicle'* nor *'underinsured motor vehicle'* includes any vehicle or equipment:

"(1) Owned by or furnished or available for the regular use of you or any *family member."*

However, counsel for Maryland Casualty argues that an "inherent contradiction" exists within the policy because Part C further contains language that would permit recovery of both liability and underinsured motorist benefits by a covered person. Said language is contained in the Limit of Liability section and provides:

"Any amounts otherwise payable for damages which the *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* or *underinsured motor vehicle* because of bodily injury caused by an accident, shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. *This includes all sums paid under Part A* [Liability Coverage].

*"Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A* [Liability Coverage]." (emphasis supplied)

Thus, on the one hand, the plain, unambiguous *definition* of *underinsured motor vehicle* excludes an insured vehicle and, on the other hand, the Limit of Liability section at least contemplates recovery of liability benefits, as well as underinsured motorist benefits, by a covered person under the same policy.

Initially, in determining whether a policy is ambiguous, we must read the policy in its entirety to ascertain its meaning. *Blocker v. Aetna Casualty and Surety Co.,* 232 Pa. Super. 111, 332 A.2d 476 (1975). "If it is determined that the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, we must construe that language most strongly against the insurer and accept the construction most favorable to the insured." *Id.* at 114, 332 A.2d at 478.

In the present case, Lisa Mancus is not the *insured* under the General Accident policy, but, rather, a *covered person.* As such, she has paid no premiums under the policy. By the terms of the policy, she is a class two beneficiary.[1] As counsel for defendant General Accident Insurance Company stated at oral argument, application of the underinsured motorist benefits here, where the limits of the liability coverage have been paid, would, in effect, mirror excess liability coverage.

It is important to bear in mind that the insured here decided to purchase underinsurance coverage as a separate option and paid additional premiums for this coverage. It is not likely that the named insured, Peter Metro, purchased such coverage to provide extra protection for victims of his negligence or the negligence of those who are insured under the policy. Instead, it is more likely that such coverage was contemplated to protect the named insured and additional insureds who are involved in an accident with another vehicle which is inadequately insured.

Notwithstanding, it is our opinion that the policy, when read in its entirety, provides underinsured

---

1. See *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 338, 473 A.2d 1005, 1010 (1984).

motorist coverage to a covered person as long as the underinsured vehicle is not, as here, the insured vehicle under the policy.

In construing the language of the policy, we are obligated to apply the definitions contained therein. *Monti v. Rockwood Insurance Co.,* 303 Pa. Super. 473, 450 A.2d 24 (1982). In the underinsured motorist section of the policy, *covered persons* includes any person "occupying your covered auto." *Your covered auto* means "any vehicle shown in the declarations." Finally, the policy provides, "Neither *uninsured motor vehicle,* nor *underinsured motor vehicle* includes any vehicle or equipment: (1) Owned by or furnished for the regular use of you or any *family member."*

Therefore, interposing the above definitions, the insuring agreement provides:

"We will pay damages which a *covered person* [Lisa Mancus] is legally entitled to recover from the owner or operator of either an *uninsured motor vehicle* or *underinsured motor* vehicle, [not the motor vehicle owned by Peter Metro and insured under this policy], but not both because of bodily injury:

"(1) Sustained by a *covered person*; and

"(2) Caused by an accident."

Thus, under the terms of the General Accident policy, the insurer will pay damages which a *covered person*, or as here, a passenger in the insured vehicle, is legally entitled to recover from the owner or operator of an *underinsured motor vehicle*, which, by definition, cannot be a vehicle insured under the policy.

As mentioned previously, the Limit of Liability section then goes on to state that any payments made under the above section shall be reduced by all sums paid under Part A, or pursuant to the

Liability Section of the policy. However, we do not read this section to create the right of plaintiff here to receive both liability, as well as underinsured motorists benefits. To do so would be to disregard the plain and unambiguous definition of *underinsured motor vehicle* which must control in determining the applicability of the limitation of liability provision. See *Adelman v. State Farm Mutual Auto Insurance Co.*, 255 Pa. Super. 116, 386 A.2d 535 (1978).

## ORDER

And now, January 13, 1989, for the reasons stated in the foregoing opinion, it is hereby ordered that defendant's motion for summary judgment is granted. The policy to which Lisa Mancus is named insured, the Maryland Casualty Company policy, is the first priority for underinsured motorist coverage for her.